Brent D. Sokol (State Bar No. 167537)
bdsokol@jonesday.com
Alexis Adian Smith (State Bar No. 274429)
asmith@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  1.213.489.3939
Facsimile:   1.213.243.2539

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, <br><br> Plaintiffs, <br><br> v. <br><br> BAVARIAN MOTORS, INC. and NATHAN MALLA, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, CYBERSQUATTING, AND UNFAIR COMPETITION; WITH DEMAND FOR JURY TRIAL** |

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG, which means Bavarian Motor Works, (collectively, "BMW" or "Plaintiffs") seek injunctive and monetary relief from Defendants Bavarian Motors, Inc. and Nathan Malla (hereinafter "Defendants") for trademark infringement, unfair competition, false advertising, cybersquatting, deceptive trade practices, misappropriation, and unjust enrichment with respect to, Plaintiffs' famous "BMW" acronym trademark, well-known English language name of Bavarian Motor Works, and famous and Roundel logo (pictured below):



As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and California law through their unauthorized use of Plaintiffs' trademarks.

### Parties

1.      Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  BMW NA is a wholly-owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly-owned subsidiary of Bayerische Motoren Werke AG.  BMW NA is the exclusive authorized distributor of "BMW" automotive and related products in the United States.

2.      Plaintiff Bayerische Motoren Werke AG ("BMW AG"), is German for Bavarian Motor Works, and is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany.  BMW AG designs and manufactures motor vehicles, parts, and other accessories for sale in Europe and for export and sale throughout the world.

3.      Defendant Bavarian Motors, Inc. ("Bavarian Motors") is a California corporation with its principal place of business at 725 Price Drive, Burbank, California 91504.  Bavarian Motors, Inc. is in the business of advertising and selling various BMW related products on its websites.

1    4.     Defendant Nathan Malla is the owner of Bavarian Motors and has
2    personally directed and participated in the acts alleged herein.

3                        **Jurisdiction and Venue**

4    5.     This Court has personal jurisdiction over Defendants because
5    Defendants reside in and/or conduct business in the State of California.

6    6.     This Court has jurisdiction over the subject matter of this action under
7    15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has
8    supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under
9    California law.

10   7.     Venue is proper in this District under 28 U.S.C. § 1391(b), as
11   Defendants reside in and/or have their principal place of business in this District
12   and a substantial part of the events or omissions giving rise to the claim occurred
13   and are occurring in this District.

14                   **BMW's Famous And Well-Known Marks**

15   8.     BMW is in the business of designing, manufacturing, and/or
16   distributing motor vehicles and accessories and a variety of other products under
17   various trademarks, including the Roundel logo and the "BMW" mark.

18   9.     BMW NA, through itself and predecessors-in-interest, has been the
19   exclusive licensee and authorized user of the Roundel logo in the United States
20   continuously since at least as early as 1949 in connection with the sale and service
21   of motor vehicles.

22   10.    BMW has used the "BMW" mark in commerce in the United States
23   continuously since at least as early as 1949 in connection with the design,
24   manufacture and distribution of motorcycles, other motor vehicles, repair and
25   maintenance services for motor vehicles and motor vehicle dealership services.

26   11.    Since at least 1976, BMW has used the "BMW" mark in commerce in
27   the United States continuously in connection with the design, manufacture and sale
28   of various other products such as clothing, watches, sunglasses, and leather goods,

which promote the image and lifestyle associated with BMW passenger cars and motorcycles.

12.     Since long prior to the acts of Defendants complained of herein, BMW has used the "BMW" mark and Roundel logo in connection with their business of manufacturing and distributing motor vehicles and a variety of other products in the State of California.

13.     BMW is the owner of the following U.S. Registrations for these marks:

| **Mark** | **Reg. No.** | **Reg. Date** | **Services/Goods** |
|---|---|---|---|
| | 613,465 | October 4, 1955 | Automobiles, motorcycles and parts thereof |
| | 1,170,556 | September 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
| | 1,450,212 | August 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
| | 2,752,258 | August 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
| | 3,418,573 | April 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |
| | 4,293,991 | February 26, 2013 | Automobiles, motorcycles and sports utility vehicles and their parts |

- 5 -

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
| | 4,366,456 | July 16, 2013 | Non-medicated toiletries and perfume; metal money boxes; cutlery; mobile phones; interactive game programs; computer bags; table mats, school supply kits, wrapping paper, greeting cards, notebooks, calendars, and diaries;  handbags, trunks and suitcases; belt buckles and hair accessories; fruit and vegetable extracts; coffee, tea and snack foods; beverages |
| | 4,408,161 | September 24, 2013 | Car rental |
| | 4,839,001 | October 27, 2015 | Repair and maintenance of vehicles |
| BMW | 611,710 | September 6, 1955 | Automobiles and motorcycles |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|------|----------|-----------|----------------|
| BMW | 1,164,922 | August 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| BMW | 1,627,241 | September 18, 1990 | Clothing |
| BMW | 2,816,178 | February 24, 2004 | Floor mats for vehicles, compact disc players, non-metal key rings, metal key rings, miniature toy vehicles |
| BMW | 3,436,270 | May 27, 2008 | Leasing services for motor vehicles; retail and wholesale financing services for motor vehicles; credit card services; online personal banking; online customer banking services for credit card, loan, finance and lease accounts; loan services |

14.    These registrations were duly and legally issued and are valid and subsisting.  Registration Nos. 611,710; 1,164,922; 1,627,241; 2,816,178; 3,436,270; 613,465; 1,170,556; 1,450,212; 2,752,258; and 3,418,573 are incontestable pursuant to 15 U.S.C. § 1065.

15.    BMW AG has licensed the Roundel logo and "BMW" mark to BMW NA for use in connection with the distribution and sale of BMW products in the United States.

16.    BMW NA distributes BMW vehicles and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers.  BMW NA authorizes its BMW dealerships to use the Roundel

logo and "BMW" mark in connection with the sale and/or service of BMW products.

17.     To create and maintain goodwill among its customers, BMW has taken substantial steps to assure that all authorized BMW dealers and service providers using its marks are of the highest quality.

18.     Plaintiffs have expended millions of dollars in advertising efforts across the country in connection with the BMW marks.  As a result of Plaintiffs' long use and promotion of these marks, and immense sales over the course of decades, Plaintiffs have established the Roundel logo and "BMW" mark as famous among members of the American public.

19.     Members of the public refer to BMW as "Bavarian Motor Works," and the public has come to associate BMW with "Bavarian Motor Works."

**Defendants' Wrongful Activities**

20.     Defendants are using an imitation of BMW's famous Roundel logo to advertise automobile products online that are not authorized by BMW.  (*See* Exhibit A.)



21.     Defendants are also making misleading use of Plaintiffs' famous "BMW" mark by promoting their website as "Your BMW one-stop-shop Solution."

22.     Defendants are also using the tradename "Bavarian Motors" and domain name www.bavarianmotors.com which are confusingly similar to Bavarian Motor Works.

23.     BMW has sent Defendants two letters requesting that they cease and desist their unauthorized use of these marks.

24.     As of the filing of this Complaint, however, Defendants are still using these marks in connection with their business.

25.     Defendants have never provided services for BMW or any of its subsidiaries, affiliates or authorized agents.

26.     Defendants are not affiliated with or sponsored by BMW and have never been authorized by BMW to use these marks in any form.

27.     Defendants' unauthorized use of the BMW marks is intended to divert to Defendants persons who are interested in the products and services of BMW and to trade off the goodwill of the BMW marks.

28.     Defendants' unauthorized use of these marks in the manner described above:

(a)     is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with BMW;

(b)     enables Defendants to trade off and receive the benefit of goodwill BMW built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of BMW, its famous marks, and its products and services;

(c)     unjustly enriches Defendants; and

(d)     unlawfully removes from BMW the ability to control the nature and quality of products and services provided under its marks

1    and places the goodwill and valuable reputation of BMW in the

2    hands of Defendants, over whom BMW has no control.

3        29.    BMW has been damaged and continues to be damaged by Defendants'

4    unauthorized use of these marks in the manner described above.

5        30.    Unless these acts of Defendants are restrained by this Court,

6    Defendants will continue to cause irreparable injury to BMW and to the public for

7    which there is no adequate remedy at law.

8    **Count I**<br>**Federal Trademark Infringement**
9    **(Lanham Act § 32, 15 U.S.C. § 1114(1))**

10       31.    BMW re-alleges and incorporates the allegations set forth in

11   paragraphs 1 through 30 herein.

12       32.    Defendants' unauthorized use of the Roundel logo, "BMW" mark, and

13   Bavarian Motor Works name in connection with identical goods and services is

14   likely to cause confusion, to cause mistake or to deceive as to the source or

15   sponsorship of Defendants' goods and services.

16       33.    The acts of Defendants complained of herein constitute use in

17   commerce of reproductions, copies, or colorable imitations of the BMW's federally

18   registered marks in connection with the sale, offering for sale, distribution and

19   advertising of goods and services in violation of 15 U.S.C. § 1114(1).

20       34.    Defendants' acts complained of herein have been deliberate, willful,

21   intentional, and in bad faith, with full knowledge and in conscious disregard of the

22   BMW's rights in its marks and with intent to trade off BMW's vast goodwill in its

23   marks.

24       35.    As a result of the foregoing alleged actions of Defendants, Defendants

25   have been unjustly enriched and BMW has been injured and damaged.  Unless the

26   foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer

27   injury and damage.

28

**Count II**
**Federal Unfair Competition and False Designation of Origin**
**(Lanham Act §43(a), 15 U.S.C. § 1125(a))**

36.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 herein.

37.     Defendants' unauthorized use of the Roundel logo, "BMW" mark, and Bavarian Motor Works name falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with, or related to BMW.

38.     Defendants' unauthorized use of these marks has caused, and is likely to continue to cause, confusion, mistake, or deception as to the source or sponsorship of Defendants' goods and services.

39.     Defendants' unauthorized use of these marks in connection with their goods and services allows Defendants to receive the benefit of BMW's goodwill, which BMW has established at great labor and expense, and further allows Defendants to expand their business and sales, based not on their own qualities, but on the reputation and goodwill of BMW.

40.     Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks and with intent to trade off BMW's vast goodwill in its marks.

41.     The acts of Defendants complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count III
## Violation of the Anticybersquatting Consumer Protection Act
### (Lanham Act §43(c), 15 U.S.C. § 1125(c))

43.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 herein.

44.     The domain name registered by Defendants is confusingly similar to the acronym "BMW" mark and the name Bavarian Motor Works.

45.     The "BMW" mark was famous and distinctive at the time of the registration of the domain name.

46.     Defendants' registration and use of this domain name has been and is in bad faith, in that the registration and use occurred (i) with full knowledge and conscious disregard of BMW's rights in the "BMW" mark and (ii) with an intent to profit from BMW's vast goodwill in this mark.

47.     The acts of Defendants complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

48.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

**Count IV**
**Unfair Competition**
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

49.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 48 herein.

50.     The acts of Defendants complained of herein constitute unfair competition in violation of the Cal. Bus. & Prof. Code §17200 *et seq.*, as they are likely to deceive and mislead the public.

51.     As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

**Count V**
**Trademark Infringement and Unfair Competition**
**(Common Law of California)**

52.     BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 51 herein.

53.     The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of California.

54.     Defendants' unauthorized use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products.

55.     Defendants' unauthorized use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair BMW's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to BMW for which BMW is entitled to relief under the common law.

56.     As a result of the foregoing alleged actions of Defendants, BMW has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

### Prayer For Relief

WHEREFORE, BMW prays that:

1.     Judgment be entered for BMW on its claims.

2.     Defendants, their agents, distributors, suppliers, business partners, related companies, servants,  employees, attorneys, successors, assigns, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a)     using BMW's Roundel logo and "BMW" mark or Bavarian Motor Works name, or any colorable imitations thereof including the copycat Roundel logo identified above and "Bavarian Motors" name, either alone or as part of any items not made and authorized by Plaintiffs;

    (b)     making any trademark use of any other BMW trademarks or colorable imitations thereof; and

    (c)     doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, come from, or are connected with, sponsored by, or approved by, BMW.

3.     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case.

4.     Defendants be required to pay over to BMW:

    (a)     in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting from sales by

Defendants relating to their aforesaid trademark infringement and unfair competition; and

(b)   BMW's reasonable attorneys' fees and costs of this action.

5.   Defendants, in accordance with Section 36 of the Lanham Act, 15 U.S.C. § 1118, be required to deliver up to BMW for destruction all business cards, labels, signs, photographs, prints, packages, bottles, receptacles, containers, papers, advertisements and other promotional materials in Defendants' possession or control bearing any use of these marks or colorable imitations thereof.

6.   Defendants, in accordance with Section 43(d) of the United States Trademark Act, 15 U.S.C. § 1125(d), be required to cancel the domain name bavarianmotors.com or, at BMW's election, transfer the same to BMW.

7.   Defendants, in accordance with Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

8.   BMW recover such other relief as the Court may deem appropriate.

**Demand For Jury Trial**

Plaintiffs demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  June 19, 2017

By: */s/ Brent D. Sokol*
Brent D. Sokol
Alexis A. Smith
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539
bdsokol@jonesday.com

Of counsel:
John G. Froemming
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
jfroemming@jonesday.com

*Counsel for Plaintiffs*
BMW OF NORTH AMERICA,
LLC and BAYERISCHE
MOTOREN WERKE AG